Butler *vs.* Ambrose.

WILLIAM C. BUTLER, plaintiff in error, *vs.* MARTHA E. AMBROSE, administratrix, defendant in error.

1. A showing for a continuance, on the ground of the absence of a witness by whom the party will "sustain his plea," is not, if objected to, sufficiently certain.
2. This court will not grant a new trial on the ground of error in the judge in refusing a continuance if it appear, during the progress of the trial, that the witness for whose absence the continuance was sought was immaterial.

Continuance.   New trial.   Before Judge HILL.   Jones Superior Court.   October Term, 1873.

Martha E. Ambrose, as administratrix upon the estate of Warren Ambrose, deceased, brought complaint against William C. Butler on a note dated January 30th, 1856, due on the day of its date, for $264 13.   The defendant pleaded set-off, the statute of limitations and release.   When the case was called, the defendant moved for a continuance, and showed, for cause, as follows.:

That he had a material witness absent, Dr. S. M. Anderson; that the witness resided in the county, about sixteen miles from the court-house; that he had been subpœnaed, and was not absent by the consent or procurement of the defendant or his counsel; that, as it was then early in the morning, he had not had time to reach court; that the defendant had seen the witness on the previous evening, and had been assured by him that he would be in court on the following morning; that his evidence was important, as he was the only person by whom the defendant could prove the defense made by his plea, and therefore could not safely go to trial without him.

The motion was overruled, and the defendant excepted.

The plaintiff introduced the note sued on and closed.   The defendant proposed to read, in support of his plea of release, the evidence of the absent witness given in upon a former trial of the same case, contained in the brief of evidence as agreed upon and filed in the clerk's office, on a motion for a

new trial. The court refused to admit the evidence, and the defendant excepted.

The defendant then proposed to prove by his own evidence what said witness had sworn upon said former trial. This the court refused to permit, and he excepted.

The evidence of the absent witness, of which the defendant sought to avail himself, was as follows:

"He knew Warren Ambrose; heard Mr. Ambrose say, in a conversation, in 1862 or 1863, that defendant, Butler, had offered to pay him his note; that he told him he did not need the money, for him (defendant) to keep it and buy him a negro with it; he heard Mr. Ambrose also say, in 1865, in March or April, that he did not intend to collect the money of defendant on his note; that defendant had been his friend and had transacted business with him for fifteen years, and had done him many favors; that he told witness that he had told Butler he did not intend to make him pay the notes for he had rendered him many services. Witness married a cousin of Butler's wife; Butler is no relation of Mr. Ambrose; Mr. Ambrose was of feeble health and bed-ridden when he spoke of the matter in 1865; a guardian was appointed for him by the court of ordinary of Jasper county, in the spring of 1865; he spoke of no particular paper he held against Butler; he said paper or papers; witness thought Mr. Ambrose was rational when he spoke of the matter in 1865."

The jury found for the plaintiff. Error is assigned upon each of the aforesaid grounds of exception.

JAMES H. BLOUNT; S. D. IRVIN, by R. H. CLARK, for plaintiff in error.

C. L. BARTLETT, for defendant.

McCAY, Judge.

1. That a witness will sustain the plea is a very unsatisfactory statement of what he will say. The plea is that the plaintiff's intestate had released the defendant from the pay-

ment of the note sued on. How? Where? When? On what consideration? The thing stated, that he will sustain the plea is a mere conclusion of. law. Such a statement of the witness evidently ought to be made so that the court can judge that it will sustain the plea. We think there was no abuse of the discretion of the court in refusing this continuance. That the witness was a practicing physician, whilst it may not of itself be a good ground to refuse, is yet an element to be considered ; the defendant could have taken his interrogatories, and is thus guilty of additional *laches*.

2. It would be, we think, trifling with justice to send this case back. The evidence of the witness, taken on a former trial, is part of the record, and was offered in testimony and rejected, we think properly, by the court. From that testimony it is plain that the witness would not have supported the plea. The release, as he states it, was a *nudum pactum*, and never acted upon or executed, and this very case shows the wisdom of the ruling of the judge that it is not enough to say that the witness will sustain the plea.

Judgment affirmed.