1843. AMERICAN INSURANCE COMPANY *v.* BAILEY & MUSGROVE.

POWELL, J. 1. It is not proper to assign error upon the overruling of a demurrer to a petition, as a ground of a motion for a new trial.

2. Where one of the parties to an action is notified by his opponent to produce documents to be used in evidence, and the notice requires the production at a designated term, but at that term the case is continued, a response to the notice may be required at the subsequent term.

3. Motions to continue on the ground of surprise, on account of amendments filed, are addressed to the sound discretion of the court. There was no abuse of discretion in the present case. *Ga., Fla. & Ala. Ry. Co.* v. *Sasser,* 4 *Ga. App.* 276 (61 S. E. 505).

4. Grounds of a motion for a new trial, complaining of the court's refusal to exclude testimony, are properly overruled, if the objection is to the testimony in bulk, and any part of it is admissible.

5. Attorney's fees may be recovered in an action on an insurance policy if the company's refusal to pay was in bad faith. *Missouri Ins. Co.* v. *Lovelace,* 1 *Ga. App.* 466 (58 S. E. 93); *Harp* v. *Fireman's Ins. Co.,* 130 *Ga.* 726 (61 S. E. 704)..

6. Error can not be successfully assigned upon the court's failure to submit to the jury instructions as to defenses not made by the pleadings; and the same is true as to defenses which, though pleaded, are so wholly unsupported by the testimony as to demand a finding against them. The court fully and fairly submitted to the jury all defenses made by the pleadings and supported by any testimony.

7. There was no error in charging the jury, in an action on an insurance policy, as follows: "Damages and attorney's fees can not be recovered, unless you find, from the evidence, that the insurance company has acted in bad faith. 'Bad faith' means a frivolous or unfounded refusal in law or in fact to comply with the requisites of the policy, to pay according to the terms of the policy and the conditions imposed by the statutes." *Cotton States Life Ins. Co.* v. *Edwards,* 74 *Ga.* 221; *Missouri Ins. Co.* v. *Lovelace,* supra; *Trader's Ins. Co.* v. *Mann,* 118 *Ga.* 381, 385 (45 S. E. 426).

8. The evidence amply supported the verdict, and the trial was free from material error.                *Judgment affirmed.*

Action on insurance policy, from city court of Miller county— W. I. Geer, judge pro hac vice. March 11, 1909.

Argued June 28,—Decided July 6, 1909.

*P. D. Rich, Burton Smith, Lawton Nalley,* for plaintiff in error.

*J. R. Pottle, R. W. Grow,* contra.