## 1662. WALKER v. RILEY & COMPANY.

RUSSELL, J.   1. Where a contract of employment designates the employee as "local manager," and does not define or specify his duties, parol evidence is admissible for the purpose of showing the nature and extent of the duties devolving upon such local manager and the nature of his relation to the employer.  Parol evidence thus offered for the sole purpose of defining the meaning of the title conferred upon the employee is not violative of the rule which forbids that the terms of a valid written contract be varied or contradicted by parol evidence.

2. Where a motion to rule out evidence is too broad, comprehending both admissible and inadmissible evidence and not distinguishing the one from the other, it is not error to deny the motion.

3. The evidence authorized the verdict rendered; and the errors assigned (in so far as they are properly presented) are not sufficiently material to authorize the reversal of the judgment refusing a new trial.  If, on a review of the evidence and the entire record of the trial, there is no material error which could have produced a different result, a new trial will not be granted.                    *Judgment affirmed.*

Complaint, from city court of Atlanta—Judge Calhoun. December 14, 1908.

Submitted February 25,—Decided July 31, 1909.

J. L. Riley & Company sued William I. Walker for $254.51, alleged to be due for money advanced to the defendant in excess of the commissions earned by him under a written contract of employment, which provided that he was "to assume the position of local manager of the accident, health, and special health departments of the Travelers Insurance Company for Atlanta;" that he was to receive as his compensation "20 per cent. on accident and special health policies," and specified commissions for other classes of business, and that at the end of each year the commissions earned by him were "to be credited and settlement made."  In his answer he denied the indebtedness and set up that the plaintiffs owed him $26.80 in excess of the amount advanced. Attached to his plea was an itemized statement of commissions alleged to be due him on policies on which the plaintiffs had not credited him with commissions.  The plaintiffs contended that he was not entitled to commissions on these policies, the business having been brought into their office by other agents.  The defendant contended that he, as "local manager" of the plaintiffs' accident and health insurance business for Atlanta and Fulton county, was entitled to commissions on all business that came into their of-

fice from that city and county. The trial resulted in a verdict in favor of the plaintiffs, for $246.91 and interest. The case came to this court on exceptions to the refusal of Walker's motion for a new trial.

It appears that in the contract of employment the words "local manager" were substituted for the words "special agent," which were erased. J. L. Riley testified: "This contract having an erasure in it there, in explanation of that erasure, this contract was originally written for him [Walker] to assume the position of special agent, and Walker afterwards came to us and said he could get more business if he could change that to 'local manager,' and it would give him a little boost; and with that we did that." In the motion for a new trial it is alleged that the court erred in admitting this testimony over the defendant's objection that it tended to modify an unambiguous written contract. It is alleged, in the 3d, 4th, and 5th special grounds of the motion, that the court erred in admitting, over the same objection, testimony of the same witness, as follows: (3) "I say that because Mr. Walker was simply a solicitor for our office. He was one of half a dozen solicitors." (4) "Mr. Walker, as that contract shows, was simply solicitor. It was written in type, and you notice from that contract that the words 'special agent' are struck out, and above it, in pen, is put 'local manager;' and at the time he stated he could get more business if he had a high-sounding title. I says, 'You can call yourself whatever you want to; all we want is the business.'" (5) "He was one of some half dozen solicitors that worked for us at that time, and those different solicitors were compensated by what they brought in. We gave Mr. Walker the privilege of drawing $125 a month, and at the end of each month he was credited with the business brought in by him. Now on any business that came into the office from the county, where we didn't pay a commission to any one else, we turned that over to Walker to look after for us, and we allowed him a commission on that business; that is business which naturally flowed to us, business that just naturally came in and that didn't come to any other agent; but Walker never was employed to hire anybody, nor was he to receive a commission on anybody else's business other than his own, in addition to that which came in from the county." In the 6th special ground of the motion exception is taken to the admission of the testimony

of an employee in the plaintiffs' office, as follows: "Mr. Walker had no connection with any other solicitors in that office for the Travelers Insurance Company; Mr. Walker had no connection with any other solicitors for any other department of that business;" this testimony being admitted over the objections that it sought to vary the terms of a written contract, and that it stated merely the conclusions of the witness.

The plaintiffs' bookkeeper, Waller, testified: "This account attached to the answer of defendant is not correct." It is alleged, in the 7th special ground of the motion, that the court erred in admitting this testimony, over the objection that it was a mere conclusion, without the statement of a fact in support of it. The 8th special ground is as follows: "Because the court overruled defendant's motion made at the conclusion of the testimony of Waller, plaintiff's witness, to exclude his testimony as to the correctness of the account sued on; the ground of the motion so made being that the witness admitted he could not recollect independently of the books all the items on said account, and could only recollect some of them; and further, that the books of account themselves referred to by the witness were the best evidence of the correctness of the account. The witness testified that he made up the account sued on from the books, getting each and all the items therein from the books, of J. L. Riley & Company. The books were not produced or offered. The witness further testified that he could not make out the account without his books."

In the 9th special ground it is alleged that the court erred in ruling out the defendant's testimony as to the itemized statement of account, attached to his plea, that it "is the correct statement of account."

On admitting in evidence certain original entry cards of the Travelers Insurance Company, offered as the books of original entry showing the business done by the company in Atlanta, Georgia, the court said, in the presence and hearing of the jury: "I am letting those cards—those records—in for what they are worth. I am not letting them in to say to this jury they are the books of original entry and correct. The jury can take them for what they are worth." Exception is taken to this statement, as an improper intimation of opinion by the judge to the jury as to the weight of the evidence.

It is alleged that there is no evidence in support of so much of the verdict as finds against the defendant interest to the date of the verdict; and that the court erred in charging the jury that if they believed that the defendant was indebted to the plaintiffs, they should allow interest on the indebtedness from the time it became due.

*Smith, Hammond & Smith,* for plaintiff in error.

*E. S. Lumpkin,* contra.