3266.    FARMERS OIL & GUANO CO. *v.* SOUTHERN REFINING CO.

HILL, C. J.    1. A. made an express written contract with B. to furnish him, within a definite time and at a specified price, three tanks of crude cottonseed oil. In part performance of the contract A. did furnish to B. one tank of the oil, and then neglected and refused to furnish the other two. B. thereupon went into the open market and bought the two tanks of oil, and sued A. for the difference between the contract price and the market price. *Held:* On proof of the contract and its breach, and of the resultant damage, in the absence of defense, B. was entitled to recover.

2. Where a motion is made to continue the trial of a case because of the absence of a witness, the judge may consider the evidence expected to be given by the absent witness, in connection with the pleadings, for the purpose of determining the materiality of the evidence, and if he finds that the testimony of the absent witness would be either immaterial or inadmissible, he should refuse the motion. The plea in this case made the testimony of the absent witness immaterial as to some part of it, and inadmissible as to the other part, and there was no error in refusing the continuance. *Richter* v. *State*, 4 *Ga. App.* 274 (61 S. E. 147); *Butler* v. *Ambrose*, 51 *Ga.* 152.

3. Where exceptions pendente lite were not duly preserved, and no timely exception was made in the final bill of exceptions, as to a judgment overruling a demurrer to a petition, an assignment of error thereon in the motion for a new trial will not be considered by this court. *Connor* v. *Hodges*, 7 *Ga. App.* 153 (66 S. E. 546); *White Sewing Machine Co.* v. *Horkan*, 7 *Ga. App.* 283 (66 S. E. 811); *American Insurance Co.* v. *Bailey*, 6 *Ga. App.* 424 (1), (65 S. E. 160).

4. The original petition having set out in substance the contract sued on, it was not a cause for surprise that an amendment to the petition set out in exact terms the contract; and especially is this true where the answer also set out the contract, and a copy thereof was in the possession of the defendant. Besides, the refusal to continue because of alleged surprise caused by amendment is not ground of reversal, unless the refusal was a manifest abuse of discretion. *Mayor &c. of Cordele* v. *Williams*, 7 *Ga. App.* 445 (2), (67 S. E. 116).

5. A stipulation in a contract to sell cottonseed oil, that any difference between the parties shall be settled by arbitration according to the rules of the Cotton Seed Crushers Association, will not prevent a suit in the first instance to recover damages for a breach of contract, unless it is clearly provided in the contract that this mode of arbitration or settlement shall either be a condition precedent to the right of recov-

ery, or constitute the only method for the assessment of damages arising from the breach. *Adams* v. *Haigler,* 123 *Ga.* 665 (3), (51 S. E. 638).

6. The evidence fully supports the verdict, and no merit appears in any of the grounds of the motion for a new trial.

*Judgment affirmed.*

DECIDED DECEMBER 19, 1911. REHEARING DENIED JANUARY 15, 1912.

Complaint; from city court of Sandersville—Judge Hawkins presiding.    January 30, 1911.       ·

*John R. Cooper, A. R. Wright,* for plaintiff in error.

*Evans & Evans,* contra.                ·