### 4909. GREAT SOUTHERN ACCIDENT AND FIDELITY COMPANY *v.* GUTHRIE *et al.*

1. A direct bill of exceptions may be sued out from the direction of a verdict against the plaintiff in error.
2. The record does not disclose such a flagrant disregard of the rule of practice in reference to briefing the evidence as to require the conclusion that no bona fide attempt has been made to comply with the rule.
3. In an action for money had and received, brought against several defendants, where it appears that the defendants received different amounts of the plaintiff's money, a verdict against one defendant for the aggregate amount paid to all is not authorized, unless the money was jointly received by all the defendants or by some of them as agents for the defendant against whom the verdict is rendered.
4. Payment to an authorized agent is in law payment to his principal, and if the money ought in equity and good conscience to be returned, an action for money had and received may be maintained, at the option of the owner of the money, against either the agent or the principal or both, if the agent failed to pay over the money to his principal.
5. A. appointed an agent to sell for cash. The agent, without authority from A., employed B. to assist him. B. made a sale, collected the proceeds, deducted a portion for his services, and remitted the balance to the agent, who paid none of it to A. A. refused to deliver the property sold. *Held,* that the purchaser could recover from A. the amount received by his agent, but not the sum retained by B.
6. Such of the special rulings as need to be passed upon are referred to in the opinion.

                    DECIDED AUGUST 25, 1913.

Action for damages; from city court of Nashville—Judge Buie. February 13, 1913.

*Jones & Chambers, Hendricks & Christian,* for plaintiff in error.
*William R. Smith, Chastain & Henson,* contra.

POTTLE, J. This was an action in assumpsit for money had and received, brought against the Great Southern Accident & Fidelity Company, a corporation, and R. H. Cantrell, W. G. Chipley, and Lockridge & Tanner, a firm composed of J. D. Lockridge and E. L. Tanner. The corporation was alleged to have an agency and place of business in Berrien county, where the suit was brought; Cantrell and Chipley were alleged to be residents of Fulton county, and Lockridge and Tanner to be residents of Coffee county. Neither

Cantrell nor Chipley was served or filed a defense. The other defendants pleaded to the merits, without demurring or objecting to the jurisdiction of the court. A verdict was directed against the corporation and in favor of Lockridge & Tanner. The corporation excepted to the direction of a verdict against it, and complains also of numerous rulings upon the admission of evidence.

1. A motion was made to dismiss the writ of error, upon the ground that the only remedy of the losing party was a motion for a new trial, and a direct bill of exceptions would not lie. This point of practice has been settled against the defendant in error. *Haskins* v. *Throne*, 101 *Ga.* 126 (28 S. E. 611).

2. It is also suggested that we ought not to review the evidence, because the brief thereof set out in the bill of exceptions is not a compliance with the rule of practice as announced in previous decisions of this court. As to this point it is sufficient to say that while the brief is not as succinct a compendium of the material facts as might have been prepared, it does not show such a flagrant disregard of the rule of practice as to justify the conclusion that the plaintiff in error has made no bona fide attempt to brief the evidence.

3. Cantrell and Chipley organized the defendant corporation and acted as its fiscal agents in disposing of its stock. In pursuance of the plan agreed on, these agents subscribed for all of the stock except five shares, but this was done to facilitate the sale, and they were not expected to pay for the stock until they sold it. They were authorized to sell only for cash or its equivalent, which was understood to be a time interest-bearing certificate in some solvent bank, or New York exchange. The fiscal agents were to pay for the stock as sold, at $110 per share. The selling price was $200 per share. The plaintiff subscribed for five shares through Lockridge & Tanner, who were representing Cantrell and Chipley in making the sale, and gave his note for $1,000, payable to Lockridge & Tanner. The certificate of stock was issued and attached to the note, which was forwarded to a bank for collection. The note was not paid at maturity, and it and the stock were returned to the company. Thereupon the stock was cancelled and the note returned to Lockridge & Tanner. Subsequently the plaintiff paid the amount to Lockridge & Tanner. After deducting the amount to which they were entitled under their contract for making the sale, the

balance was forwarded to Cantrell and Chipley. None of the money was paid to the corporation, Cantrell and Chipley claiming that the company owed them more on other transactions than the sum which came into their hands from the plaintiff's subscription. The company refused to reissue the stock, upon the ground that it had not been paid therefor, and the plaintiff contends that the corporation and Lockridge & Tanner are indebted to him jointly in the amount paid for the stock.

An action for money had and received lies against one who holds the money of another which he ought in equity and good conscience to refund. Where more than one person is sued, a joint recovery of the whole amount against all will not be authorized, unless it appears that all received the money jointly. If it was not so received, the plaintiff can only recover from each defendant separately the amount shown to have come into his hands. In such an action, where the tort is waived, conspiracy and fraud may be proved merely for the purpose of showing that those who received the money are not entitled to keep it, and not for the purpose of recovering from one of the conspirators the whole amount received by all, unless it actually came into his hands. All this is settled by the Supreme Court in *Cowart* v. *Fender,* 137 *Ga.* 586 (73 S. E. 822, Ann. Cas. 1913A, 932), where the nature of the action is discussed and the distinction between it and an action sounding in tort is shown.

4. Presumptively an agent to sell can sell only for cash. 31 Cyc. 1357. The authority of Cantrell and Chipley as agents for the corporation was limited to a sale of the stock for cash, or its equivalent, as explained in the evidence. Hence the title to the stock did not pass into the plaintiff upon the execution of the note. This is true without reference to whether the plaintiff had knowledge of the terms of the contract between the corporation and its agents.

5. 'It is contended that when the plaintiff did not pay his note at maturity and the company cancelled the stock and returned the note, the transaction was ended so far as the company was concerned, and the subsequent payment of the money by the plaintiff did not bind the company to issue the stock or render it liable to return the money received by its agents. Cantrell and Chipley were, under the evidence, general agents of the company, to dispose of stock in its behalf. The only limitation upon their authority

was that the sale should be for cash. If, after the cancellation of the stock, the company had returned to the plaintiff his note and notified him that the sale of stock had been cancelled and the agency of Cantrell and Chipley revoked, a different question would arise. The plaintiff's subscription was still outstanding. Certainly, in the absence of notice to the contrary, he had the right to assume that he was being held liable on his subscription and the note given therefor, and had the right, upon payment of his note, to demand the issuance of the stock. The agency of Cantrell and Chipley to sell the stock had not been revoked, and even if it had, the plaintiff had no notice of it. He had, therefore, the right to continue to treat these parties as the duly authorized agents of the company to receive the money. Whatever money Cantrell and Chipley received as agents for the company is deemed in law to have been received by the corporation itself, and, as to the amount so received, the plaintiff was clearly entitled to recover against the corporation.

The evidence discloses, however, that Cantrell and Chipley did not receive the whole amount paid by the plaintiff to Lockridge & Tanner, but that some amount, not disclosed by the evidence, was deducted by these parties and the balance paid over to Cantrell and Chipley. If Lockridge & Tanner were also the agents of the corporation, this would make no difference, but if they were merely the agents of Cantrell and Chipley, the company would not be bound to refund to the plaintiff the money which they received but did not pay over to any agent of the corporation authorized to receive it. We find no evidence which would have authorized, certainly none which required, a finding that Lockridge & Tanner were agents of the corporation. They so describe themselves, but their conclusion is not supported by the evidence. They were employed by Cantrell and Chipley to sell stock for them. They had no contract with the corporation, were not liable to it in any way, and were not authorized by it to bind it by any sale of stock or collection of money therefor. Cantrell and Chipley had no authority from the corporation to appoint other agents for the corporation. Cantrell was vice-president of the company when it was organized, and afterwards president, but this did not give him authority to appoint agents to sell stock for the corporation. *Minnesota Lumber Co.* v. *Hobbs,* 122 *Ga.* 25 (49 S. E. 783) ; *Swindell* v. *Bainbridge*

*Bank,* 3 *Ga. App.* 364 (60 S. E. 13). Lockridge & Tanner not being agents of the corporation nor authorized to collect money in its behalf, there is no reason in equity or good conscience why the corporation should be made to pay back money which they have appropriated to their own use. Cantrell and Chipley would be bound to do so, but not the corporation. The company is bound to account to the plaintiff for the money received by Cantrell and Chipley, although they retained it, and without reference to their right to withhold it from the corporation. Having received the money for the corporation and by its authority, it is responsible to the same extent as if the money had been paid into its treasury. The minutes of the corporation introduced in evidence, together with the other evidence, demanded a finding that Cantrell and Chipley were mere trustees for the corporation to sell its stock, and not the owners of the stock itself. . Neither the testimony of Lockridge & Tanner, nor the correspondence introduced in evidence, authorized a finding that they were agents of the corporation. They were not so appointed by any one having authority to bind the corporation, nor were they held out by the company to the plaintiff as its agents in such a way as to estop the corporation from pleading the contrary.

6. The numerous objections to testimony need not be considered in detail. Neither the stock certificate nor the correspondence was essential to the plaintiff's case, and their admission in evidence, even if erroneous, was harmless. All the direct evidence of the witness Cantrell was objected to in solido, on numerous grounds. Some of it was clearly admissible, and the objection to the whole of it was properly overruled. *Ray* v. *Camp,* 110 *Ga.* 818 (36 S. E. 242) ; *Harris* v. *Amoskeag Lumber Co.,* 97 *Ga.* 465 (25 S. E. 519) ; *American Insurance Co.* v. *Bailey,* 6 *Ga. App.* 424, 425 (65 S. E. 160) ; *Walker* v. *Riley,* 6 *Ga. App.* 519 (65 S. E. 301) ; *Thompson* v. *Carter,* 6 *Ga. App.* 604 (65 S. E. 599).

It is competent for a person to testify that he acted as agent for another, though mere hearsay evidence of declarations of agency is inadmissible. No demand on the company for the stock was necessary, and hence testimony as to such demand was immaterial. Testimony of Lockridge & Tanner and Moore, that Lockridge & Tanner were agents of the corporation, stated a mere conclusion, not supported by the proven facts. Standing alone, it would be

the statement of a fact, but other facts having been proved which show that in law there was no such agency, the statement became merely an erroneous conclusion. The contract between Lockridge & Tanner and their agent Moore was not binding on the corporation, but was admissible against Moore's principals to show his agency. The expenses of litigation were not recoverable against the corporation, and evidence thereof was inadmissible. In the light of the judge's note to the bill of exceptions, there was no error in admitting the extract from the minutes of the corporation. Upon another trial, if the evidence is substantially the same, the defendant corporation will be liable for the amount which its agents, Cantrell and Chipley, may have received, and Lockridge & Tanner will be liable for the sum which they and their agent Moore retained. The relative rights of the corporation and Cantrell and Chipley as between themselves must be settled between them, no such issue being germane in the present suit. The case must be again tried in the light of the rulings herein made. *Judgment reversed.*