### 8805. THACHER *v.* CAROLINA PORTLAND CEMENT CO.

Where a corporation brought an action for the amount of an alleged indebtedness, and prayed that the judgment therein be declared a special lien upon certain land, alleged to have been conveyed by the defendant to P. G. Hanahan, vice-president and general manager of the plaintiff corporation, as security for the debt, and, from the evidence at the trial, it appeared that the conveyance referred to was an ordinary warranty deed to P. G. Hanahan individually, although it was testified that there was an agreement between him and the defendant that the deed should be security for the defendant's indebtedness to the corporation, it was error for the court to charge the jury that if they should find that the deed was "made to Hanahan, vice-president and general manager, for the use and benefit of the plaintiff, to secure that indebtedness," they "would further find that the plaintiff have a special lien upon the tract of land set out in the petition," to secure the indebtedness. Under the pleadings and the evidence, a judgment establishing such a lien was unauthorized.

Such of the special grounds of exception not dealt with above as are relied on in the brief of counsel for the plaintiff in error are not in proper form for consideration. There was sufficient evidence to support the verdict as to the defendant's indebtedness. The error pointed out above can be cured by striking from the judgment that part which relates to a special lien on the land described; and the judgment overruling the defendant's motion for a new trial is affirmed on condition that the judgment against him be molded in accordance with the opinion of this court.

DECIDED JANUARY 21, 1918.

Complaint; from DeKalb superior court—Judge Smith. April 20, 1917.

*Green, Tilson & McKinney,* for plaintiff in error.

*Edgar A. Neely,* contra.

BLOODWORTH, J.    The Carolina Portland Cement Company brought suit against W. A. Thacher for $842.50.   By-amendment the principal sued for was reduced to $806.66, and it was alleged: "That your petitioner shows that on the 26th day of February, 1914, to better secure the payment of said indebtedness, the defendant executed to P. G. Hanahan, who is the vice-president and general manager of your petitioner, a warranty deed covering" certain land, a description of which followed.   The defendant filed a plea denying indebtedness and alleging: "Answering paragraph 2 of the amendment to plaintiff's petition, this defendant denies the allegations therein contained, as stated.   He admits that he executed the deed therein referred to, but denies that it was to secure the payment of the account attached to plaintiff's amended petition.   Defendant says that the account attached to said amended petition is not, and never was, the debt of this defendant, but that it was the debt of one E. O. Miles; that defendant was building a house for the said E. O. Miles, and was paid by said Miles a commission of ten per cent. on the cost of said house; that all the materials and items set out in the bill of particulars attached to plaintiff's amended petition were purchased for the said E. O. Miles, and were never purchased by this defendant; defendant did owe plaintiff for materials purchased by this defendant, and used by him in the construction of other buildings; that defendant took from the said E. O. Miles three notes for the balance due him for his commision in the construction of said house; that defendant indorsed two of said notes to plaintiff for the indebtedness then owing by this defendant to plaintiff; that said notes were not paid by the said Miles, and that P. G. Hanahan, the vice-president and general manager of plaintiff, agreed with this defendant that if he would convey to him the land described in paragraph 2 of plaintiff's amended petition, he would accept it in full settlement of the debt due by this defendant to the plaintiff at that time, and surrender the notes held by plaintiff on said E. O. Miles, and indorsed by this defendant; that this defendant agreed to said proposition, went home, drew the deed conveying the land described in paragraph 2 of plaintiff's amended petition, executed the same, and mailed the same to said Hanahan, or plaintiff, at the same

time requesting the return of the two notes referred to as having been executed by E. O. Miles to defendant, and by him indorsed to plaintiff, but that, notwithstanding said Hanahan accepted said deed, and placed the same of record as a full and complete settlement of all demands of the plaintiff against this defendant, neither the said Hanahan nor the said plaintiff has ever surrendered to this defendant the two notes mentioned." On the trial the verdict was as follows: "We, the jury, find for the plaintiff the sum of eight hundred and six dollars and sixty-six cents ($806.66/100) principal, and two hundred and forty dollars and fifty-eight cents interest. We further find a special lien upon the property described in the petition." A judgment following the verdict was entered, and the defendant made a motion for a new trial, which was overruled, and he excepted.

1. The first ground of the amendment to the motion for a new trial was not referred to in the brief of the plaintiff in error, and will be treated as abandoned. The second ground contains two distinct exceptions to the admission of evidence. This ground was properly overruled, for two reasons: (a) At least a part of the evidence in each portion excepted to was relevant and admissible. "Some of it was clearly admissible, and the objection to the whole of it was properly overruled." *Ray* v. *Camp,* 110 *Ga.* 818 (36 S. E. 242); *Harris* v. *Amoskeag Lumber Co.;* 97 *Ga.* 465 (25 S. E. 519); *American Insurance Co.* v. *Bailey,* 6 *Ga. App.* 424, 425 (65 S. E. 160); *Walker* v. *Riley,* 6 *Ga. App.* 519 (65 S. E. 301); *Thompson* v. *Carter,* 6 *Ga. App.* 604 (65 S. E. 599). (b) The ground is not complete within itself, and each exception would require reference to the brief of evidence,—the first to ascertain what "bills" were referred to, and the second to determine what portion of the evidence was admitted. "No ground of a motion for a new trial which is not complete and understandable without resorting to an examination of the brief of evidence or the charge of the court will be considered as presenting a question for consideration by this court." *Southern Ry. Co.* v. *Williams,* 19 *Ga. App.* 544 (4) (91 S. E. 1001); *Head* v. *State,* 144 *Ga.* 383 (87 S. E. 273); *Smiley* v. *Smiley,* 144 *Ga.* 546 (2) (87 S. E. 668). However, the admission of this evidence could not have been harmful to the defendant; for there was no contention on his part that the goods were not delivered, but his defense was based upon the

ground that the debt was that of another, and that he settled his portion of the account by giving the deed to the land described in the petition.

2. The 3d and 4th grounds of the amendment to the motion for a new trial complain of errors in the charge of the court. The judge charged the jury: "If you further find that the warranty deed·was made to Hanahan, vice-president and general manager, for the use and benefit of the plaintiff, to secure that indebtedness, and you believe that from the evidence, by a preponderance of the evidence, ·then you would further find that the plaintiff have a special lien upon the tract of land set out in the petition, to secure this indebtedness." We think this was error, for the reason stated in the motion for a new trial. It was not adjusted to the facts, and no doubt led the jury into the error of finding a special lien upon the land, which finding was without evidence to support it. The deed, as shown by the copy thereof in the brief of evidence, was made, not to "Hanahan, vice-president and general manager," nor to Hanahan "for the use and benefit of the plaintiff," so far as appears from the deed itself, but to P. G. Hanahan individually, and is an ordinary warranty deed; and although it was testified that it was agreed between Hanahan and the defendant that the conveyance to Hanahan was to be security for the defendant's indebtedness to the plaintiff corporation, it did not create a lien in favor of the plaintiff, and, under the pleadings and the evidence, such a lien could not be established in this action. This error, however, can be cured by striking from the judgment that portion thereof which provides for a special lien on the land; and, there being ample evidence to support the general judgment, the judgment overruling the motion for a new trial is affirmed, on condition that at the time the remittitur is made the judgment of the lower court, the judgment be remolded in accordance with this opinion; otherwise the judgment will be reversed.

*Judgment affirmed, on condition. Broyles, P. J., and Harwell, J., concur.*  ·