### 10136. ECKMAN v. THE STATE.

1. Where testimony a part of which is admissible is objected to as a whole, it is not error to overrule the objection.
2. The instructions complained of are not subject to the exceptions, when the whole charge of the court is considered.
3. The verdict is not unsupported by evidence.
                  DECIDED FEBRUARY 1, 1919. ..

Conviction of assault with intent to murder; from Troup superior court—Judge Terrell. September 25, 1918.

    *Arthur Greer,* for plaintiff in error.

    *C. E. Roop, solicitor-general,* contra.

    BLOODWORTH, J. 1. Grounds 1 and 2 of the amendment to the motion for a new trial contain long extracts from the testimony, which were objected to "in solido." Some of this testimony was admissible, and the objection to it as a whole was properly overruled. "'Where evidence, partly competent and partly incompetent, was offered and objected to as a whole, the illegal portion not being specified nor objected to separately, admitting all of such evidence affords no legal cause of complaint to the objecting party.' *Smalls* v. *State*, 99 *Ga.* 26 [25 S. E. 614]. See also *Maynard* v. *Association*, 112 *Ga.* 443 [37 S. E. 741]; *Southern Ry. Co.* v. *Gilmore*, 115 *Ga.* 890 [42 S. E. 220]; *Gully* v. *State*, 116 *Ga.* 527 [42 S. E. 790]; *Kelly* v. *Strouse*, Id. 881 [43 S. E. 280]; *Walker* v. *Neil*, 117 *Ga.* 739 [45 S. E. 387], and cit." *Barnard* v. *State*, 119 *Ga.* 436 (46 S. E. 644); *Ray* v. *Camp*, 110 *Ga.* 818 (36 S. E. 242); *Great Southern Accident &c. Co.* v. *Guthrie*, 13 *Ga. App.* 286 (6), 292 (79 S. E. 162), and cases cited.

2. When considered in connection with the entire charge, there is no error in the excerpts therefrom, of which complaint is made in the 3d and 4th grounds of the amendment to the motion for a new trial.

3. In passing on the facts in a motion for a new trial, the judge of the trial court has some discretion, but where he has exercised that discretion this court is powerless to interfere. Our Supreme Court has said: "This court has always recognized that the greatest weight and consideration should be paid to the verdicts of juries, and in many cases has held that while the verdict was different from what the judges would have rendered as men, the court would not interfere. So, too, where the evidence was conflicting, it would not disturb the finding, although it might think that the preponderance was in favor of the losing party. In testing the sufficiency of evidence this court can not consider the credibility of witnesses, that being a matter exclusively for the jury, who note their manner of testifying, and consider the thousand and one things transpiring during a trial, which can not be photographed or transcribed and transmitted to this court as a part of the record." *Patton* v. *State,* 117 *Ga.* 234 (43 S. E. 534). The 4th headnote in the case of *Bunn* v. *Hargraves,* 3 *Ga. App.* 518 (60 S. E. 223), is as follows: "This court has no power to determine that the preponderance of the evidence is in favor of one party to a cause rather than the other, or to award a new trial in any case where there is any evidence sufficient to support the verdict rendered." See also *Randall* v. *Bell,* 12 *Ga. App.* 614 (77 S. E. 1132).

Applying the foregoing to the facts as they appear in the present record, the judgment overruling the motion for a new trial must be

*Affirmed. Broyles, P. J., and Stephens, J., concur.*