## 10309. SYKES *v.* THE STATE.

Refusal to exclude evidence objected to as a whole when in part admissible is not ground for a new trial.

Under the decision of the Supreme Court in *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893), the objection that the evidence was obtained by illegal arrest and search is not good.

The evidence authorized the verdict of guilty.
DECIDED APRIL 12, 1919.

Accusation of misdemeanor; from city court of Brainbridge—Judge Spooner. December 16, 1918.

*W. V. Custer,* for plaintiff in error.

BLOODWORTH, J. 1. The defendant was convicted of carrying concealed weapons. The only ground of the motion for a new trial other than the general grounds complains that the evidence of the witness for the State "was obtained by the unlawful and illegal arrest of the defendant by the witness, his person searched unlawfully and illegally, being forcibly and without the consent and against the will of the defendant," and that he was thereby compelled to furnish incriminating evidence against himself, in violation of the constitution. In *Calhoun* v. *State,* 144 *Ga.* 679, it was held that, "On the trial of a criminal case, incriminatory evidence which was taken from the person of the accused by one who had illegally arrested him, and who discovered it by search of his person while he was under illegal arrest, if relevant, is not inadmissible as contravening the constitutional provisions that 'No person shall be compelled to give testimony tending in any manner to criminate hemself.'" Under that ruling the trial judge did not err in admitting the evidence complained of.

However, even if this were error, this court would be under no duty to consider the assignment of error in this ground of the

motion for new trial, for the entire evidence of the witness for the State was set out therein, the alleged error is the refusal to exclude the entire evidence, and a part of the evidence quoted was clearly admissible. " 'Where evidence, partly competent and partly incompetent, was offered and objected to as a whole, the illegal portion not being specified nor objected to separately, admitting all of such evidence affords no legal cause of complaint to the objecting party.' *Smalls* v. *State,* 99 *Ga.* 26 (2) [25 S. E. 614]. See also *Maynard* v. *Interstate Association,* 112 *Ga.* 443 [37 S. E. 741]; *Southern Ry. Co.* v. *Gilmore,* 115 *Ga.* 890; *Gully* v. *State,* 116 *Ga.* 527 [42 S. E. 790]; *Kelly* v. *Strouse,* Id. 881 [43 S. E. 280]; *Walker* v. *Neil,* 117 *Ga.* 739 [45 S. E. 387] and cit." *Barnard* v. *State,* 119 *Ga.* 436 (3) (46 S. E. 644).

2. The evidence authorized the verdict, and no error of law having been committed, it must stand.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*