### 11531. BIRD *v.* THE STATE.

LUKE, J. 1. There being evidence that the automobile and other articles
alleged to have been stolen were found in the defendant's recent posses-
sion, and the jury having failed to accept his contention that the auto-
mobile so found was not the automobile stolen, and having failed to
believe his explanation as to his recent possession of the lap-robe and
the curtains, which were identified as being the property of the pros-
ecutor, and having by their verdict found against his defense of alibi,
this court cannot hold that the trial judge erred in overruling the mo-
tion for a new trial on the general grounds. *Eckman* v. *State*, 23 *Ga.
App.* 392 (3) (98 S. E. 187).

2. There is no merit in the assignment of error upon the admission of tes-
timony, nor does the newly discovered evidence require a new trial. For

no reason assigned can this court say that the defendant has not had a legal trial. It was not error to overrule the motion for a new trial.

*Judgment affirmed.* *Broyes, C. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 16, 1920.

Indictment for larceny of automobile; from Gordon superior court — Judge Tarver. April 21, 1920.

Application for certiorari was denied by the Supreme Court.

The indictment charged W. H. Bird with larceny of an automobile of G. S. King on September 9, 1919. The defendant stated that the automobile found in his possession and claimed by King was bought by himself from T. L. Perkins in the State of Tennessee. He offered, as evidence relating to his purchase of the car, a certificate of the clerk of a county court of Tennessee, which states "that T. L. Perkins has transferred a Ford car to W. H. Bird, of Fort Payne, Ala., No. 37723, Motor No. 2,562,718, this car registered and transferred 9 and first 1919 this the 5th day of November, 1919." The number given in the indictment as the "motor number" of the Ford car alleged to have been stolen is 2,256,243. The certificate was accompanied with authenticating certificates. In the motion for a new trial it is contended that the court erred in ruling out these certificates, "because [movant's] statement shows that he had purchased the car found in his possession (and claimed by the State to be the car stolen) in the State of Tennessee, from T. L. Perkins, who under the law of Tennessee registered its transfer on the 1st day of September, 1919, in the office of John A. Hall, Clerk, and that said registration showed the motor number to be 2,562,718. Movant contends that it was error to rule out each one of said exhibits, and hurtful to movant, because the motor number of the car alleged to have been stolen was 2,256,243, and the date of the alleged theft was September 9th, 1919."

Denial of the right of argument as to the admissibility of this certificate is complained of in the next ground of the motion for a new trial. It is there stated that when the certificates mentioned above "were submitted to counsel for the State, the same were objected to and the court asked that the same be handed to him that he might read them. The court refused to admit the three certificates. When counsel for the defendant asked that he be heard from and permitted to read authorities, and made the re-

quest that for this purpose the jury be sent out of the court-room if the court so desired, the court declined to send the jury out in order to argue on the question of the admissibility of either and all of the said three certificates. Movant contends that he was denied his constitutional right, under the constitution of .the State of Georgia, to have the full benefit of counsel as provided under the bill of rights, section 6361, Volume 1, Code of Georgia, 1910. Movant further contends that the fact that said three certificates were offered in evidence in the presence of the jury, and that the court privately read them and rejected them, without argument from movant's attorney, tended to prejudice movant's case by impressing the jury that movant was making an effort to introduce illegal and improper evidence."

The alleged newly discovered evidence was contained in an affidavit of W. H. Fox to the effect that G. S. King, the prosecutor, bought from the affiant on October 30, 1917, a Ford car of the motor number stated in the indictment, and that it was of the model of 1917, and not of 1918, as alleged in the indictment.

Interruption of the defendant by the court while the defendant was making his statement at the trial is complained of in another ground of the motion for a new trial. From this ground it appears that the defendant in his statement said that when he was seeking evidence in his behalf a certain friend at Chattanooga asked, " Where did you buy the car?"· He answered, " In the little county of James over here," and the friend said " We have a law in Tennessee requiring anybody that sells a car . . to go to the County Clerk;" whereupon the trial judge said, " Just a moment. The defendant can not in his statement, unless he shows by his statement he is qualified so to do, testify or state as to what the laws of Tennessee are. It is true the defendant, in his statement, has wide latitude as to what he will say with reference to the charge against him, but that latitude does not go to the extent of introducing irrelevant matter, or matter which could not be proven by him as a witness if he could testify. For this reason I will not allow the defendant to state what the law of Tennessee is." The defendant's counsel then said to the court that he did not wish the defendant to state that, and that what the defendant said was just explanatory of how he got a certificate. Counsel then asked the defendant to state how he came by the paper. The de-

4

fendant (as appears from the brief of the evidence) proceeded with his statement and said, "I went, or had a party go for me, and obtained these papers, showing how I came in possession of the car." It is contended that the interruption mentioned above was error because the defendant's only means of laying a foundation for the introduction of the certificates mentioned in the first special ground of the motion for a new trial was to make a full statement of the manner in which he obtained them, and the interruption deprived him of the right to explain fully and clearly how he obtained them.

*F. A. Cantrell, F. W. Copeland,* for plaintiff in error.
*Joseph M. Lang, solicitor-general,* contra.