### 11743.  Norris *v.* Lynch.

Bloodworth, J.  1. If the court erred in the admission of certain irrelevant and immaterial evidence as complained of in the first and second grounds of the amendment to the motion for new trial, this evidence was not of such materiality as to require the grant of a new trial. See *Arnold* v. *Stevens*, 139 *Ga.* 495 (77 S. E. 579) ; *Ga., Fla. & Ala. Ry. Co.* v. *Parsons*, 12 *Ga. App.* 180 (6) (76 S. E. 1063).

2. "Where evidence is offered and objected to, and a portion thereof is admissible and a part objectionable, unless the illegal portion is specified and properly objected to, the whole will be admitted." *City of Atlanta* .v. *Sciple*, 19 *Ga. App.* 694 (3), 698 (92 S. E. 28), and cases cited. See also: *Thacher* v. *Carolina Cement Co.*, 21 *Ga. App.* 569 (1) (94 S. E. 838), and cases cited; *Eckman* v. *State*, 23 *Ga. App.* 392 (98 S. E. 187) ; *Sykes* v. *State*, 23 *Ga. App.* 547, 548 (99 S. E. 55), and cases cited. This ruling disposes of ground 3 of the amendment to the motion for a new trial.

3. Grounds 4 and 5 of the amendment to the motion for a new trial, not being argued in the brief of plaintiff in error, will be treated as having been abandoned.

4. There was some evidence to support the verdict, which has the approval of the trial judge, and this court will not interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

Decided March 8, 1921.

Distraint; from city court of Carrollton—Judge Beall. Jury 1, 1920.

*Boykin & Boykin,* for plaintiff in error.

*Emmett Smith,* contra.