19377. REID *v.* THE STATE.

408

Decided March 5, 1929.    Rehearing denied April 9, 1929.

*Wallace & Wallace, W. O. Cooper Jr.,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

Bloodworth, J.    1.    Special ground 1 of the motion for a new trial alleges that' the court erred in admitting certain evidence; and special ground 2 complains that the court erred in failing to rule out this evidence. This evidence consisted of a number of sentences, each containing distinct matter.    It was objected to en bloc.    Some of it was clearly admissible.    The plaintiff in error should have segregated and pointed out the irrelevant and illegal parts.    Failing to do so, he has no good cause for complaint of the action of the court.    *Eckman* v. *State,* 23 *Ga. App.* 392 (98 S. E. 187), and cit.    Moreover, the evidence objected to was admissible to show motive.    Compare *Reid* v. *State,* 39 *Ga. App.* 21 (2) (145 S. E. 906).

2.    The failure of the court to charge on voluntary manslaughter was not error.    As was said in the case of *Reid* v. *State,* supra, "under the evidence the defendant either shot the prosecutor with intent to kill and without justification, or shot him without intent to kill and without justification, or shot him in self-defense after the prosecutor shot at him.    The charge in its entirety was fair to the accused."

3.    The court charged the jury as follows: "If these defendants together, acting together with a common purpose to shoot at J. O. Walker, without any justification and not in order to defend them-

selves or their lives, if they did not do that, and he was shot at by either one of them and they were acting together with a common purpose to shoot him under those circumstances, then they are both guilty of assault with intent to murder. 'You try the case according to the evidence, and you determine if either one of these defendants shot at Walker with a gun with intent to kill, or without the intent. If with the intent and without any justification, he would be guilty of assault with intent to murder. If he shot at him without the intent to kill but without justification, then he would be guilty of the offense of shooting at another." It was contended that the use of the word "justification" throughout this charge improperly narrowed the defense and limited it to acts of justification. For no reason assigned was this charge error.

4. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*