39968.  IVEY v. KNIGHT & BOYKIN POULTRY & PRODUCE COMPANY, INC.

FRANKUM, Judge. 1.  A bill of lading is a contract between a shipper of goods and the carrier which controls the rights and liabilities of the parties thereto with respect to the shipment. *Bedell v. Richmond &c. R. Co.*, 94 Ga. 22, 25 (1) (20 SE 262). One who is neither a shipper of goods nor a carrier thereof and who has not affixed his signature thereto nor done any other act or thing amounting to a ratification of the terms of a bill of lading has no rights under such bill of lading nor any obligations arising thereunder. *Southern Exp. Co. v. Briggs*, 1 Ga. App. 294 (2) (57 SE 1066); *Lamb v. McHan*, 17 Ga. App. 5 (2) (86 SE 252).

2.  Applying the foregoing rules of law to the facts in the instant case, where it appears from the pleadings and the evidence that the defendant, acting as a truck broker or middleman, placed the plaintiff's truck driver in contact with a shipper of perishable produce in Salinas, California; that the plain-

tiff's driver picked up the load from the shipper and was given by the shipper a memorandum of a bill of lading which had thereon the defendant's name as the "delivering carrier"; that the plaintiff's truck driver undertook to deliver the produce to the consignee at East Point, Georgia, where it was refused because it was in a deteriorated condition; and where thereafter the defendant's agent took charge of the shipment by coercing the plaintiff's driver into turning it over to him and sold it, while purporting to act for the shipper, and retained the proceeds, the plaintiff's right, if any it had against the defendant, was a right of action ex delicto, or perhaps in the nature of an action for money had and received, *Great Southern Acc. &c. Co. v. Guthrie,* 13 Ga. App. 288 (5) (79 SE 162), and the bill of lading issued by the shipper to which the defendant was not a party, was not admissible in evidence for consideration by the jury in determining the rights and liabilities as between the plaintiff and the defendant, on account of the defendant's conversion of the shipment. While the memorandum of the bill of lading may have been admissible for some purposes, it was not admissible to be considered by the jury in fixing the rights as between the plaintiff and the defendant in this case, and the trial court erred in admitting it in evidence without restricting the purposes for which the jury could consider it as complained of in the first special ground of the motion.

3. The following portion of the charge complained of in the second special ground of the motion, being a correct statement of the law, was not erroneous for any reason assigned: "I charge you, gentlemen, that under the law of this state when a carrier shall have complied with his contract as to transportation, he shall have a lien on the goods for the freight and retain possession until it is paid, unless this right is waived by special contract for actual delivery of the goods, so that if in this case you find that the plaintiff as a carrier of produce had complied with his contract as to transportation you will be authorized to find that he had a lien on the goods for the freight superior to any claim by the defendant." *Code* § 18-402. See 5 EGL 161, Common & Contract Carriers, § 137.

4. The portion of the charge complained of in special ground 3 to the effect that parol evidence is inadmissible to vary the terms of a written instrument and that if the jury found

that there was a bill of lading involved in this case parol evidence cannot be considered to contradict its terms was erroneous and injurious to the defendant since it required the jury to consider the bill of lading which had been previously erroneously admitted and which was a contract between the plaintiff and the shipper of the goods to which the defendant was not a party, in determining the rights as between the plaintiff and the defendant in this case.

5. Because the court erred in overruling the first and third special grounds of the motion as dealt with above, the judgment must be reversed. Since the evidence may not be the same on another trial, the general grounds of the motion for a new trial are not passed upon at this time, except that it may be noted that the evidence did not demand a verdict for the plaintiff.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED APRIL 16, 1963.

*Ben J. Camp, A. Tate Conyers,* for plaintiff in error.
*Nolan B. Harmon, Robert E. Williams,* contra.