## Sims *et al.* v. Sims *et al.*

Holden, J. 1. Where a number of witnesses testified upon each side of a case, an assignment of error complaining of the admission or rejection of specified testimony of a witness is not valid when it nowhere appears in such assignment of whose testimony the complaint is made. *McTier* v. *Crosby*, 120 *Ga.* 878 (2), (48 S. E. 355); *Central Ry. Co.* v. *McClifford*, 120 *Ga.* 90 (7), (47 S. E. 590); *Sims* v. *State*, 68 *Ga.* 486.

(a) One ground of the motion for a new trial was as follows: "Because the following occurred upon the trial of the case: 'Q. Where did the proceeds of your labor go? A. To lay the foundation for his fortune. Q. Whose fortune? A. The one these boys are trying to get. Mr. Arnold: We object to that evidence. The court: Yes, that is an improper statement. Mr. Arnold: We object to going into the entire history of this gentleman and letting him put the construction on what he has done. The court: He can state what he did, but not that he laid the foundation for the fortune. That statement is withdrawn from you, gentlemen.' The error assigned is sustaining the objection of the propounders and excluding the statement of the witness that he laid the foundation of this fortune." Another ground was as follows: "Because the following occurred upon the trial of the case: 'A. He seemed to. He never said a cross word to me in his life in an angry voice. Q. Did he seem to appreciate your conduct then? A. Yes, sir. Mr. Quillian: I object to that question as leading, and calling for a conclusion. The court: It strikes me that the question is leading. I think the inference as to whether he showed a great affection for him is a conclusion.' The error assigned is exclusion of the statement by the witness that his father had always shown a great affection for him." There were a number of other grounds of the motion for a new trial, similar in general form and character to those above set out, though some of them varied from those quoted, in some respects. It is evident from the quotations above that such grounds of the motion were of such a character as to render their consideration improper. They neither state expressly who offered the evidence, nor identify the witness either by name, designation, or otherwise, so as to show whether he was the witness sworn by the propounders or the caveators, nor give other indicia by which the court could read the evidence to which objection was made in the light of its context or surroundings, or determine whether the witness had given the same evidence in substance without objection, or whether the error alleged existed at all, or, if so, whether it was material. Grounds of a motion for a new trial of the character of those indicated by the quotations above made, or of similar kind, are not such as to authorize or require this court to pass upon them. In order to pass upon such grounds, the court would be compelled to search through the entire brief of evidence, to ascertain to the evidence of what witness objection was made and the pertinency and force of such objection. And inasmuch as the brief of evidence can not properly be made up of questions and answers, the difficulty would be enhanced with a proper brief of evidence, the more especially in a case where the evidence was excluded.

2. An assignment of error in a motion for a new trial, complaining of the admission or rejection of evidence, is not valid when such evidence is not literally or in substance set forth in such motion, or attached thereto as an exhibit.

3. Where in the trial of a case in the superior court counsel asked a witness if he did not testify to certain matters upon the trial of the same case before the ordinary, it was not error to refuse to rule out, at the instance of such counsel, the answer of the witness, "Yes; that is what I am testifying to to-day."

4. Where the mental condition of a party is under investigation, it is not error requiring a new trial to permit a witness to give his opinion on the subject and thereafter give the facts upon which it is based, instead of requiring the witness to first state the facts upon which he bases his opinion.

5. There was no error in sustaining a demurrer thereto and striking the following ground of the caveat to the probate of the paper propounded as a will: "Said instrument is not the will of W. E. Sims, because the same was executed by him under a mistake of fact as to the conduct of the caveators, who are heirs at law and sons of said W. E. Sims." A conclusion only is averred, and no facts upon which the alleged mistake was based are stated.

6. There was no error in sustaining a demurrer thereto and striking the following grounds of the caveat to the probate of the paper propounded as a will: "Said instrument is not the will of W. E. Sims, because the same was executed by him under the mistaken belief that by its terms he was making his children equal objects of his bounty, whereas said instrument does not have that effect," and "said instrument is not the will of W. E. Sims, because the same was executed by him under and because of the belief that he had given or advanced to the caveators money or property, prior to the execution of said will, which taken together with what he bequeathed to them in said alleged will gave to them as much as he gave to his other children by the terms of the said alleged will; whereas in fact he had not so given or advanced to them, the amounts of said gifts or advances being far less in value than the value of the property bequeathed to his other children in the said alleged will."

7. Where objection is made to the entire testimony of a witness on the ground that he is incompetent as a witness to testify to transactions and communications between him and a deceased person, because knowledge thereof was acquired while he was acting as attorney for such deceased, and that such testimony related to such transactions and communications, whether or not such witness was competent to testify to such transactions and communications under the facts of the case, such objection is not well taken where it appears that a part of such testimony did not relate to such transactions or communications and was relevant to a material issue in the case. *Murphey* v. *Bush*, 122 *Ga.* 715, 718 (50 S. E. 1004) ; *Maynard* v. *Interstate Ass'n*, 112 *Ga.* 443 (37 S. E. 741).

8. There was no error in any of the failures or refusals to charge, specified by movant in the motion for a new trial, or in giving the charges of

which complaint is made. The requests submitted, so far as legal and pertinent, were covered by the general charge, which fully and fairly presented to the jury the issues involved in the case.

9. None of the errors of which complaint is made require the grant of a new trial. The evidence was amply sufficient to warrant the verdict rendered; and the judgment of the court below, refusing a new trial, is
*Affirmed. All the Justices concur.*

Argued December 3, 1907.—Decided August 13, 1908.
Rehearing denied August 19, 1908.

Appeal. Before Judge Pendleton. Fulton superior court: July 1, 1907.

*Burton Smith* and *Anderson, Felder, Rountree & Wilson,* for plaintiffs in error.

*F. A. Quillian, Arnold & Arnold,* and *V. S. Moore,* contra.