## 4710. FRANKLIN *v.* FIELDS & CHANCE.

RUSSELL, J.　1. A ground of a motion for a new trial complaining of the admission of documentary evidence can not be considered when the evidence is not set forth in the ground, either literally or in substance, or attached thereto as an exhibit.

2. Where, in a suit upon a promissory note alleged to have been given in payment of commission for the sale of real estate, the defendant contended that he had not employed the plaintiff to sell the property, it was not error to permit the plaintiff to testify that the defendant had listed the property with him, to be sold upon commission, over the objection that it did not appear whether the contract was oral or written, and that the admission of the evidence permitted an inquiry into the consideration of the note sued on.

3. The evidence was directly conflicting upon the issues made by the pleadings, and a verdict for either party would have been authorized. Consequently the discretion of the trial court in overruling the motion for a new trial will not be controlled.　　　*Judgment affirmed.*
DECIDED SEPTEMBER 23, 1913.

Complaint; from city court of Statesboro—Judge Strange. January 20, 1913.

*J. J. E. Anderson,* for plaintiff in error.

*F. T. Lanier,* contra.

---

## 4739. BROOKE *v.* GEORGIA PERUVIAN OCHRE COMPANY.

RUSSELL, J.　The permission granted by the defendant to the plaintiff to use a portion of the defendant's land for agricultural purposes was subsequent to the delivery of the unconditional warranty deed by the plaintiff, conveying the same premises to the defendant; and, so far as appears from the record, this permission was given without consideration. A verdict in favor of the defendant was therefore demanded, and errors in the charge, if any, were immaterial. No material error was committed in the admission of testimony.　　　*Judgment affirmed.*
DECIDED SEPTEMBER 23, 1913.

Complaint; from city court of Cartersville—Judge Foute. January 11, 1913.

*Finley & Henson,* for plaintiff.　*Neel & Neel,* for defendant.