HEAD *v.* THE STATE.

ATKINSON, J.  1.  Some of the grounds of the motion for new trial are incomplete and can not be understood without resorting to an examination of the brief of evidence, and fail to present any question for decision. *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192).

2. Such of the grounds of the motion as are sufficiently definite to present any question for decision are without merit, and are not of such character as to require elaboration.

3. The evidence was sufficient to support the verdict.

> *Judgment affirmed. All the Justices concur.*
> DECEMBER 15, 1915.

Indictment for rape.  Before Judge Searcy.  Butts superior court.  September 16, 1915.

Gus Head was tried under an indictment for rape. The jury returned a verdict of guilty, and recommended him to the mercy of the court. The judge sentenced the accused to a term of three years in the State penitentiary. The defendant made a motion for new trial, and excepted to the judgment overruling the motion. The injured female was a girl eleven years of age,—a sister of the wife of the accused. Her father and mother were dead, and she had been living with the accused and his wife for

three years.  She had a sister fourteen years of age, who was also living with them.  According to the testimony of the girl, the house of the accused was near a road, but remote from residences of other people.  On a certain Tuesday afternoon, during the absence of her two sisters (they having gone to the mail-box about a mile away), the girl was at the house alone with a three-year-old child.  The accused came up and attempted forcibly to have sexual intercourse with her.  She succeeded by a ruse in causing him to desist.  She then started off, calling for her sisters. The accused caught her and carried her to the stable, where he accomplished the rape.  She resisted and cried, and never gave her consent.  He told her that if she did not tell he would give her a fine dress, but if she told he would kill her.  She was afraid of him, but said that she would tell.  He then left and went to the residence of his sister, some distance away.  The girl returned to the house.  After about an hour her married sister returned, and she immediately informed her of the occurrence.  This was the first person she saw.  The next morning the accused whipped the girl, and she left, going to the house of a neighbor.  On Thursday morning she went to the house of another neighbor and there reported the occurrences to his wife.  This woman was introduced as a witness, and testified that the girl came to her home at the time stated, and told her of the rape and whipping, exhibiting marks on her arm made by a switch.  The girl's other sister testified, that when she returned to the house on the afternoon of the rape, the girl was playing with the baby and appeared to have been crying, and, in the presence of her married sister, told her of the rape; and that on the morning after the rape the witness saw the accused whip the girl on the pretense that she had been "telling lies" on him.  He also whipped the witness.  All the witnesses testified that no examination was made of the girl's person.  The defendant did not introduce any evidence, but made a statement before the jury.  He denied the offense, but stated that on a certain Thursday he had whipped the girl about chopping cotton, and on the next ensuing Thursday he got his mule to plow and told his wife and the girls to go to work, and they refused, and on the same day he was charged with the offense of rape.

O. M. Duke, for plaintiff in error.  Clifford Walker, attorney-general, E. M. Owen, solicitor-general, and Mark Bolding, contra.