SMILEY *v.* SMILEY *et al.*

ATKINSON, J. Exceptions pendente lite, though duly allowed and ordered
filed as a part of the record, upon which no error was originally assigned
in the main bill of exceptions, and upon which counsel made no assign-
ment of error before the argument of the case, will not be considered by
this court. *Jones* v. *Ragan,* 136 *Ga.* 653 (7), 655 (71 S. E. 1098);
*Atlantic & Birmingham R. Co.* v. *Penny,* 119 *Ga.* 479 (46 S. E. 675);
Civil Code, § 6138.

2. Grounds of a motion for new trial which are incomplete, and can not
be understood without resorting to an examination of the brief of evi-
dence, fail to present any question for decision. *Head* v. *State,* 144 *Ga.*
383 (87 S. E. 273); *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192).

3. A new trial will not be granted on account of newly discovered evi-
dence, where it is not made to appear by affidavit of the movant and
each of his counsel that they did not know of the existence of such
evidence before the trial, and that the same could not have been dis-
covered by the exercise of ordinary diligence. Civil Code, §§ 6085-6086.

4. To entitle a plaintiff to a decree for specific performance of a parol con-
tract for the sale of land, the contract must be first established with
reasonable certainty, and the consideration claimed to have been paid
must be clearly and satisfactorily proved to have been paid in pursuance
of that contract; otherwise specific performance of the alleged contract
should be refused. *Shropshire* v. *Brown,* 45 *Ga.* 175.

(a) The evidence in this case being insufficient to show the terms of the
alleged parol contract for the sale of the land, a verdict for the plain-
tiffs was unauthorized.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
JANUARY 13, 1916.

Specific performance.　Before Judge Sheppard.　Liberty superior court.　August 12, 1914.

*W. B. Stubbs* and *Parker & Walker,* for plaintiff in error.

*W. C. Hodges* and *Paul E. Seabrook,* contra.