7952. SOUTHERN RAILWAY COMPANY *et al. v.* WILLIAMS.

LUKE, J. 1. Exceptions pendente lite upon which no assignment of error is made in the main bill of exceptions or by counsel in this court before argument of the case will not be considered by this court, even though duly allowed by the trial judge or ordered filed as a part of the record. *Shaw* v. *Jones,* 133 *Ga.* 446 (66 S. E. 240); *Jones* v. *Ragan,* 136 *Ga.* 653 (7), 655 (71 S. E. 1098); *Gainesville &c. R. Co.* v. *Galloway,* 17 *Ga. App.* 702 (87 S. E. 1093); *Kent* v. *State,* 18 *Ga. App.* 30 (88 S. E. 913); *Smiley* v. *Smiley,* 144 *Ga.* 546 (87 S. E. 668).

2. In an action against a railroad company for personal injuries to the plaintiff, occasioned by the negligent running of a train, where the company pleads that he released the company in consideration of a draft on its treasurer for $250, as an accord and satisfaction, it is competent for the plaintiff to allege and prove that the release was procured by fraud and at a time when he was not mentally capacitated to contract, and that he did not collect the draft, but tendered it back to the company before suit, and made a continuing tender of the unpaid draft. *Southern Ry. Co.* v. *Nichols,* 135 *Ga.* 11 (68 S. E. 789); *Georgia Southern &c. Ry. Co.* v. *Adeeb,* 15 *Ga. App.* 831 (84 S. E. 323).

3. Where error is assigned upon the admission of evidence, the evidence must be set out with the objection to it in the assignment of error, and it must be shown that the objection was raised at the time the evidence was offered. *Pool* v. *Warren County,* 123 *Ga.* 205 (51 S. E. 328); *Franklin* v. *Fields,* 13 *Ga. App.* 463 (79 S. E. 366); *Gaskins* v. *State,* 17 *Ga. App.* 807 (88 S. E. 592).

4. No ground of a motion for new trial which is not complete and understandable without resorting to an examination of the brief of evidence or the charge of the court will be considered as presenting a question for consideration by this court. *Head* v. *State*, 144 *Ga.* 383 (87 S. E. 273) ; *Smiley* v. *Smiley*, supra.

5. An assignment of error in the following words: "because, as movant contends, the court erred in refusing to charge the jury upon the written request of the defendants as follows: " (setting out the charge requested) will not be considered by this court, for the reason that it is not shown that the request was presented to the court before the jury had retired to consider the case. Civil Code of 1910, § 6084; *Seaboard Air-Line Ry.* v. *Barrow*, 18 *Ga. App.* 261 (89 S. E. 383).

6. The ground of the motion for a new trial that the court erred in permitting the plaintiff to testify, "The train struck the automobile and killed my aunt, and carried my uncle on the front of it until it stopped," is without merit, especially as the plaintiff was in the automobile with his uncle and aunt at the time the train struck it, and the court, in overruling the objection to this testimony, said: "The court will allow that evidence to go to the jury on the ground that it appears to be a part of the res gestæ, happening at the time. I will caution the jury, however, that this plaintiff can not recover for any damages or anything that occurred to some one else; if he recovers at all he must recover on what was done to him." As a general rule, whether statements claimed to be a part of the res gestæ are such is a question of law for the court. *Southern Ry. Co.* v. *Brown*, 126 *Ga.* 1 (54 S. E. 911).

7. No error of law in the trial of the case is shown by any of the assignments of error, and the evidence abundantly authorized the verdict.

*Judgment affirmed. Wade, C. J., and George, J., concur.*

DECIDED MARCH 20, 1917.

Action for damages; from city court of Hall county—Judge Wheeler.   October 27, 1916.

*E. A. Neely, J. O. Adams, Ed. Quillian, C. R. Faulkner,* for plaintiffs in error.

*W. A. Charters, W. B. Sloan, W. N. Oliver,* contra.