### 8131.   COPELAND v. RUFF.

1. Whether the court erred in allowing a particular witness to testify to certain facts over objection is immaterial where the same facts were shown by other evidence, to which no objection was made.

2. No error requiring a new trial appears in the admission of testimony complained of which was introduced for the purpose of supporting the plea to the jurisdiction by showing that the defendant intended to move back to the county in which he was residing when he came to the county of the suit. The ground complaining of the admission of testimony that he "would have moved back in August" (after the suit had been commenced) if he had not received a letter from a named person "with reference to moving back" is incomplete. No question for decision is presented by grounds which can not be understood without examination of the brief of evidence.

3. There was sufficient evidence to authorize the verdict for the defendant.

DECIDED JUNE 14, 1917.

Complaint; from Haralson superior court—Judge Bartlett. April 10, 1916.

1. The 8th ground of the motion for a new trial relates to testimony of the defendant that on December 21, 1911, he paid his taxes to the tax-collector of Cobb county, and registered in that county. This testimony was admitted over the objection that it related to a time subsequent to the commencement of the suit. There was other evidence to the same effect, to which, so far as appears, no objection was made.

2. The 9th ground was as follows: "Because the court committed error, as movant contends, on the trial of said case, in admitting the following evidence of M. V. Ruff (the defendant) to the jury trying the case, over the objection of movant's counsel, made at the time the same was offered: 'If I had not received it (referring to letter defendant received from Mr. Neufville on July 15, 1911, with reference to moving back to Cobb county), I would have moved back in August, the latter part of August.' Movant objected to said evidence at the time the same was offered, on the ground that it was not proper for a witness to testify as to what he would have done, which objection was overruled by the court. The court ruled on this point that he would let it go in that his intention was to move back in August. At the time said evidence was offered . . movant objected to the same on the grounds that the same was irrelevant and immaterial, and a self-serving declaration after the suit was filed and the issues formed."

The 13th ground·was to the effect that the court erred in admitting testimony of the defendant that he and his wife and daughter were members of a church in Cobb county, and did not bring their "church letters or relationship of Cobb county to Haralson county," and that he did not bring his demit from the Masonic lodge of which he was a member in Cobb county to the Bremen lodge in Haralson county, or his card from the Odd-Fellows lodge in Cobb county of which he was a member, when he came to Bremen. This testimony was admitted over the objection that it was "irrelevant and immaterial and not competent."

*C. E. Roop, Griffith & Matthews,* for plaintiff.

*J. E. Mozley, M. J. Head,* for defendant.

BLOODWORTH, J. Suit was brought by Copeland against Ruff in the superior court of Haralson county, and a plea was filed alleging that the court did not have jurisdiction of the case, as it did not have jurisdiction of the person, it being alleged that at the time of the commencement of the suit (June 27, 1911) and at the time of filing the plea the defendant was a resident of Cobb county. The issue was submitted to a jury and the verdict was in favor of the plea. The plaintiff made a motion for a new trial on a number of grounds, but grounds 8, 9, and 13 only were approved. The motion was overruled, and plaintiff excepted.

1. The testimony objected to in the 8th ground related to matters about which evidence, both oral and documentary, was admitted without objection, and the admission of this testimony could not have harmed the plaintiff. *Loeb* v. *State,* 75 *Ga.* 258 (5); *Luke* v. *Hill,* 137 *Ga.* 159 (3) (73 S. E. 345, 38 L. R. A. (N. S.) 559).

2. The testimony objected to in the 9th and 13th grounds of the motion was not inadmissible for the reasons assigned. Besides, ground 9 of the motion, standing alone, is incomplete. "Grounds of a motion for new trial which are incomplete, and can not be understood without resorting to an examination of the brief of evidence, fail to present any question for decision. *Head* v. *State,* 144 *Ga.* 383 (87 S. E. 273); *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192)." *Smiley* v. *Smiley,* 144 *Ga.* 546 (2) (87 S. E. 668); *Braxley* v. *State,* 17 *Ga. App.* 197 (4) (86 S. E. 425).

3. The jury determined the issues of fact in favor of the plea of defendant; there is some evidence to support this finding; the

court overruled the motion for a new trial, and this court will not interfere. See *Ruff* v. *Copeland,* 141 *Ga.* 805 (82 S. E. 250).

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*