8085. FLOWERY BRANCH GIN AND OIL CO. *v.* SHORE.

There was sufficient evidence to authorize the verdict; and the special grounds of the motion for a new trial are not in proper form for consideration.

DECIDED JUNE 27, 1917.

Action on contract; from Hall superior court—Judge J. B. Jones. November 4, 1916.

*C. N. Davie, Edgar B. Dunlap,* for plaintiff in error. ·

*Sam Kimzey, W. A. Charters,* contra.

WADE, C. J. 1. The 4th ground of the motion for a new trial, which complains of the admission of certain documentary evidence, can not be considered, since the evidence is not set forth in the ground, either literally or in substance, or attached thereto as an exhibit. *Franklin* v. *Fields,* 13 *Ga. App.* 463 (79 S. E. 366); *Gaskins* v. *State,* 17 *Ga. App.* 807 (88 S. E. 592).

2. In the 5th ground of the motion for a new trial complaint is made that the court erred in admitting certain evidence over objection of movant. This ground of the motion can not be considered, for two reasons: First, because it would require a reference to the entire brief of evidence to ascertain whether the evidence was admissible or inadmissible. "A ground of a motion for a new trial should not require reference to the brief of evidence to render it intelligible." *Braxley* v. *State,* 17 *Ga. App.* 196 (4) (86 S. E. 425); *Smiley* v. *Smiley,* 144 *Ga.* 546 (2) (87 S. E. 668); *Head* v. *State,* 144 *Ga.* 383 (87 S. E. 273); *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192). Secondly, it does not affirmatively appear what specific objection, if any, was made at the time when this evidence was offered and admitted. See *Cooner* v. *State,* 16 *Ga. App.* 539, and cases there cited.

3. The 6th ground of the motion for a new trial complains of a certain excerpt from the charge of the court, the objection being that the charge was error "in view of the fact that it did not correctly elucidate the contention of counsel as to whether or not the contract was illegal." It is obvious that this exception is fatally

defective, in that it fails to specify the error. What the contention of counsel was is not stated. The contention may or may not have been proper; and even if proper, in the absence of a timely written request, it was not necessarily incumbent upon the court to "elucidate the contention of counsel."

4. There being some evidence to sustain the verdict, which has the approval of the trial court, we have no power to interfere with it.        *Judgment affirmed. George and Luke, JJ., concur.*