### 9563. MORROW v. THE STATE.

BLOODWORTH, J. 1. Under the oft-repeated rulings of this court and of the Supreme Court that each ground of a motion for a new trial must be complete and understandable without resorting to an examination of the brief of the evidence or of any other part of the record, the first ground of the amendment to the motion for a new trial in this case will not be considered. *Southern Ry. Co.* v. *Williams*, 19 *Ga. App.* 544 (4) (91 S. E. 1001); *Smiley* v. *Smiley*, 144 *Ga.* 546 (87 S. E. 668).

2. No error warranting the grant of a new trial appears in the excerpts from the charge of the court complained of in grounds 2, 3, 4, and 5 of the amendment to the motion for a new trial; and there is no merit in grounds 6 and 7.

3. In the brief of counsel for the plaintiff in error the general grounds of the motion for a new trial are expressly abandoned.

> *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*
> DECIDED MAY 1, 1918.

Indictment for assault and battery; from Carroll superior court —Judge Terrell. January 11, 1918.

*Buford Boykin,* for plaintiff in error.

*C. E. Roop, solicitor-general,* contra.

---

### 9564. CHANCE v. THE STATE.

There being some evidence to authorize the verdict of assault with intent to rape, and the verdict being approved by the trial judge, this court will not interfere.

> DECIDED MAY 1, 1918.

Conviction of assault with intent to rape; from Colquitt superior court—Judge Thomas. January 25, 1918.

*Ragan & Maire, Edgar Dykes, James Humphreys,* for plaintiff in error.

*Fondren Mitchell, solicitor-general, T. H. Parker,* contra.

HARWELL, J. Charlie Chance was indicted for rape upon his fourteen-year-old daughter, Lela Chance, and was convicted of assault with intent to rape. Her testimony was sufficient to authorize the verdict. Other witnesses testified that she came to them and made complaint of her father's treatment, and a physician testified on behalf of the State as to her condition. The exceptions relate only to the sufficiency of the evidence to support the verdict.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*