### 9752. RANSOM v. THE STATE.

BLOODWORTH, J. 1. In the motion for a new trial it is complained that the court erred in admitting in evidence certain dying declarations, the objections urged being that "there was not sufficient foundation laid for the admission of a dying statement, because the State has failed to prove that the deceased was in a dying condition and because the statement is hearsay." There is no merit in the objection that "the state-

ment is hearsay." That "dying declarations constitute one of the exceptions to the rule which rejects hearsay evidence" is clearly announced in *Mitchell* v. *State*, 71 *Ga.* 128 (2). The ground of objection, that "the State has failed to prove that the deceased was in a dying condition," is not complete. In order to ascertain what evidence was introduced in connection with these declarations, and thus determine whether they are admissible, it is necessary to refer to the brief of evidence. "Under repeated rulings of this court and of the Supreme Court, a ground of a motion for a new trial must be complete in itself. When it is so incomplete as to require this court to refer to the pleadings or to the brief of the evidence, it will not be considered." *Bridges* v. *Griffin*, 20 *Ga. App.* 599 (93 S. E. 1703. See also *Southern Ry. Co.* v. *Williams*, 19 *Ga. App.* 544 (4) (91 S. E. 1001), and cases cited.

2. Under the qualifying notes of the trial judge, there is no merit in grounds 2 and 4 of the amendment to the motion for a new trial.

3. No error harmful to the defendant was committed in admitting in evidence the testimony of Hattie King, complained of in the 3d special ground of the motion for a new trial.

4. When considered in the light of the entire charge of the court and of all the evidence, there is no error harmful to the defendant in the excerpts from the charge embodied in the 5th, 6th, 7th, 11th, 12th, 13th, 14th, and 15th grounds of the amendment to the motion for a new trial.

5. The evidence authorized the charge on voluntary manslaughter, and the court did not err in charging thereon as complained of in the 8th, 9th and 10th grounds of the motion for a new trial.

6. There is evidence to support the verdict, and the judgment is

         *Affirmed. Broyles, P. J., and Stephens J., concur.*

         DECIDED FEBRUARY 1, 1919.

Conviction for manslaughter; from Dooly superior court—Judge Crum. April 23, 1918.

*John R. Cooper,* for plaintiff in error.

*J. B. Wall, solicitor-general, Jesse Grantham,* contra.

STEPHENS, J., concurring specially. Generally hearsay evidence is inadmissible. A ground of a motion for new trial which sets out the evidence admitted and alleges that its admission was excepted to "because the statement is hearsay" is, in my opinion, a complete ground within itself. This is not altered by the fact that such evidence may have been offered as a dying declaration and as an exception to the hearsay rule. None of the assignments of error being meritorious, I concur in the judgment of affirmance.