### 10667. STARLING *et al.* v. THE STATE.

1. A ground of a motion for a new trial which complains of the admission of specified testimony of a witness whose name is not given therein will not be considered by this court.
2. The constitutionality of section 125 of the Penal Code (1910), as to enticing laborers to leave their employers, on which the prosecution in this case was based, could not be drawn in question by first raising it in a motion for a new trial, as was attempted.
3. Failure to argue in the brief of counsel for the plaintiff in error a question raised in a ground of the motion for a new trial will be treated by this court as an abandonment of that ground.
4. The evidence was sufficient to show that the defendant Odom knew that the laborers whom it was alleged he induced to leave their employer were under a contract of employment; and the evidence was also sufficient to authorize the jury to conclude that he was representing the defendant Starling in the transaction.

DECIDED NOVEMBER 7, 1919.

Accusation of misdemeanor; from city court of Cairo—Judge Rigsby. February 26, 1919.

*W. V. Custer*, for plaintiff in error.

*Ira Carlisle, solicitor. S. P. Cain*, contra.

BLOODWORTH, J. 1. Even if the assignment of error in the 4th ground of the motion for a new trial was properly made, we do not think the court committed error in admitting the evidence of which complaint is made. However, under previous rulings of this court, we are not called upon to consider this ground of the motion, the opening sentence of which is as follows: "Because the court over the objection of defendant's counsel allowed the following testimony, to wit:" then follows the testimony of some witness not named. In *Adams* v. *State*, 22 *Ga. App.* 252 (95 S. E. 877), it is held that "A ground of a motion for a new trial which complains of the admission of specified testimony must state the name of the witness whose testimony is complained of. *Hayes* v. *State*, 18 *Ga. App.* 68 (88 S. E. 752); *Peeples* v. *Butler*, 21 *Ga. App.* 310 (94 S. E. 278." See also *Hunter* v. *State*, 148 *Ga.* 566,

91 S. E. 523). Further on in this ground of the motion it is alleged that "defendant's counsel moved the court to exclude the testimony of the several witnesses as to what Gus Odom told Jack Cox, John Robinson, and Charlie McLain." The names of the "several witnesses" are not given. Even if from the language used we could reach the conclusion that the witnesses referred to were Cox, Robinson, and McLain, it would be necessary to search through the entire brief of evidence to see what each swore before we could determine whether the evidence was improperly admitted; and this we are not required to do. Both this court and the Supreme Court have held that "Grounds of a motion for new trial which are incomplete, and can not be understood without resorting to an examination of the brief of evidence, fail to present any question for decision. *Head* v. *State,* 144 *Ga.* 383 (87 S. E. 273); *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192)." *Smiley* v. *Smiley,* 144 *Ga.* 546 (2) (87 S. E. 668); *Braxley* v. *State,* 17 *Ga. App.* 197 (4) (86 S. E. 425).

1. By the 5th ground of the motion for a new trial it was sought to raise a constitutional question, and this case was sent to the Supreme Court. That court held: "Under the ruling made in *Henry* v. *State,* 147 *Ga.* 260 (8), 264 (93 S. E. 413), 'a question as to the constitutionality of a law cannot be raised for the first time in a motion for new trial, where it was not made either by demurrer to the pleadings, or by objections to evidence, or in some other appropriate way pending the trial.' The plaintiff in error in the instant case was accused and convicted of a misdemeanor. In his motion for new trial an attack is made for the first time upon the constitutionality of the statute for the violation of which he was convicted. Under the ruling quoted above, concurred in by a majority of the court, no constitutional question is properly made in the case. The case is not one of which the Supreme Court has jurisdiction; and direction is given that it be transferred to the Court of Appeals, which has jurisdiction to hear and determine the case." *Starling* v. *State,* 149 *Ga.* 172 (99 S. E. 619).

3. Grounds 6 and 7 of the motion for a new trial, not having been argued in the brief of counsel for the plaintiff in error, will be treated as abandoned.

4. In the brief of counsel for plaintiff in error the only reason assigned why the verdict should be set aside under the general

grounds of the motion for a new trial is that "it nowhere appears in the evidence that either of the defendants knew that any of the persons taken from Boyd's employee [employment?] was under a contract of employment." That the defendant Odom knew of the contract of employment there can be no doubt, and we think the facts were sufficient to authorize the jury to conclude that Odom was representing Starling in the transaction; and therefore we think that the judgment as to both of them should be

*Affirmed. Broyles, C. J., and Luke, J., concur.*