### 12068.  HUDSON *v.* THE STATE.

1. Even if it was error to admit evidence that an automobile was being driven at an estimated speed of 40 miles an hour when a quarter of a mile away from and going in the direction of a person whom it struck, causing injury from which death resulted, the error was not so material as to require the grant of a new trial, when there was positive proof that at the time and place of the injury the automobile was running at a much higher speed.

2. " Grounds of a motion for a new trial should be complete in themselves; and when a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignments of error."

3. When read in connection with the entire charge, there is no error in the excerpt of which complaint is made in the 6th ground of the motion for a new trial.

4 The assignment of error in the 9th ground of the motion for a new trial, as to failure of the court to charge " the law " on the subject

there stated, is too vague and indefinite to raise any question for determination by this court.

5. When all the facts and circumstances are considered, this court cannot, say, as a matter of law, that the trial judge abused his discretion in refusing to declare a mistrial.

6. In so far as the principles of law embodied in the request to charge are legal and pertinent, they are covered by the charge given.

DECIDED APRIL 13, 1921.

Indictment for murder — conviction of involuntary manslaughter; from Jones superior court — Judge Park. December 6, 1920.

The 3d division of the decision relates to the following part of the charge of the court: " If you reach the conclusion that the defendant, in this county, at any time previous to the finding of that bill of indictment, if he was driving a certain automobile along the public roads of this county, was driving said automobile under the influence of liquor, under the influence of intoxicating liquors, and if you reach the conclusion he was driving that automobile along the public roads in this county at a greater rate of speed than 30 miles an hour, and if he killed the person alleged to have been killed in that bill of indictment, and in the commission of those unlawful acts (if he did ·commit those unlawful acts), and if it produced the death of the person alleged to have been killed in that bill of indictment, that would constitute involuntary manslaughter under the laws of the State of Georgia." It was contended that this was " not a correct statement of the law as applicable to the evidence, or a correct statement of the law of involuntary manslaughter in the commission of an unlawful act;" and there were assignments of error to the effect that it invaded the province of the jury.

*John P. Ross, F. Holmes Johnson, J. B. Jackson,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.

BLOODWORTH, J. The indictment in this case charged the accused with murder by running an automobile against Miss Drucilla Devlin. He was convicted of involuntary manslaughter. The evidence showed that while the accused was driving an automobile at a high rate of speed over a country road in Jones county, Georgia, Miss Devlin was struck, and, from the injury thus inflicted, died the next day.

1. A witness was allowed, over objection, to testify that a short time before Miss Devlin was injured, about a quarter of a mile away, he met the accused driving a car and approaching the place where she was struck, and that he estimated that the accused was going about 40 miles an hour. Even if it was error to admit this evidence, it was not such a material error as would authorize this court to grant a new trial, in view of the fact that another witness swore that at the time and place of the accident the car the accused was driving was going " 45 to 50 miles an hour, " and still another swore: " At the time Mr. Hudson hit this car (which car was at the place where Miss Devlin was injured) I would say he was driving his car at the rate of 50 or 60 miles an hour;" and the record further shows that at the place of and just after the injury, the accused, when asked if he was not " running pretty fast," replied, " Yes, a little speedy." See *Matthews* v. *Richards,* 19 *Ga. App.* 489 (2) (91 S. E. 914), and cases cited.

2. In *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4) (91 S. E. 32), it was held: " Grounds of a motion for a new trial should be complete in themselves; and when a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignments of error." In the opinion in that case it appears that error was assigned in the following language: " This charge was error for the reasons stated in ground five." In commenting on this assignment of error Mr. Justice Beck said: " We will not return to ground five of the motion to ascertain what were the exceptions to the charge set forth there. Each ground of the motion should be complete in itself, and we should not be referred to other grounds to see what questions were there raised." Under this ruling we are not called upon to consider the alleged errors referred to in grounds 5, 7, and 8 of the motion for a new trial.

3. When read in connection with the entire charge we find no error in the excerpts therefrom of which complaint is made in the 6th ground of the motion for a new trial. In the brief of counsel for the plaintiff in error he refers to and quotes from the cases of *Sheppard* v. *Johnson,* 11 *Ga. App.* 280, 284 (75 S. E. 348), and *Powell* v. *Berry,* 145 *Ga.* 696 (2), 699 (2) (89 S. E. 753, L. R. A. 1917A, 306). The former of these decisions

was rendered prior to the passage of the act making it a misdemeanor for any person to operate a motor-vehicle upon any public highway " while under the influence of intoxicating liquors or drugs." Ga. L. Ex. Sess. 1915, p. 115, sec. 15; Park's Code Supp. 1917, § 828 · (ii). The evidence clearly establishes the fact that the defendant was under the influence of whisky and running the automobile at a rate exceeding 30 miles an hour. At the conclusion of the decision last cited it is expressly stated (145 Ga. 703): " In the foregoing discussion no reference has been made to what is known as the automobile law of 1910, amended in 1913, and embodied in 1 Park's Code, §. 828 (a) et seq., and 6 Park's Code, § 528 (c). Neither party invoked that statute or treated it as applicable to the facts of this case. And we have dealt with the case as made." It is a violation of a criminal statute and negligence per se for a person to operate a motor-vehicle upon any public highway of this State at a rate of speed greater than 30 miles an hour, or to drive such vehicle while under the influence of intoxicating liquor. Ga. L. Ex. Sess. 1915, p. 112, sec, 10, p. 115, sec. 15, p. 118, sec. 23; Park's Code Supp. 1917, p. 44, §§ 828 (dd), 828 (ii), 828 (qq).

4. The 9th ground of the motion for a new trial is as follows: " Because the court wholly failed to charge the jury the law of involuntary manslaughter in the commission or performance of a lawful act, where there has not been observed necessary discretion and caution, or with due caution and circumspection." In Smith v. State, 125 Ga. 300 (1) (54 S. E. 124), it was held: " A ground of a motion for a new trial, that ' the court erred in not charging the jury the law of voluntary manslaughter,' is too vague and indefinite an assignment of error to raise any question for determination by this court." See also Burney v. State, 142 Ga. 812 (1) (83 S. E. 837); Goen v. State, 24 Ga. App. 370 (1) (100 S. E. 769); Odum v. Rutledge, 16 Ga. App. 350 (2) (85 S. E. 361). A motion for a new trial should be complete in itself, and not require reference to any other portion of the record. Morrow v. State, 22 Ga. App. 253 (1) (95 S. E. 934), and cases cited. This ground of the motion for a new trial does not even allege that the evidence was such as to require a charge on involuntary manslaughter. However, such an allegation could not be made consistently because the record

ᵗᵉnce, and to have given such a
ᵘpport it would have been error.
ᵗion for a new trial are as
ᵉᵈ to withdraw the case
motion of the defend-
The solicitor-general,
was selecting the
. heard the rumor
a friend of the de-
.id, I did not believe
ᵢim Barron, the solici-
t believe that is true
ᵉe moved the court to
:lare a mistrial, on the
gro.                                                      the case to justify the
remarks                                                ᵢggest that a juror was
a friend oᵢ                                           ot convict him, and said
remarks of the                                   unjustifiable and highly
prejudicial to the .                            ᵢem the solicitor-general
sought to influence the                     ᵣon, to find his verdict,
not by the evidence, but bec.            the solicitor-general said
to the juror. The court said:            .ᵢen of the jury, the court
instructs you, anything that may .ᵢave been said in this case
by the solicitor-general in his argument, as to any rumor that may
have been circulated or stated, in the court-room or anywhere
else, as to what this jury would do in reference to this .case, the
court instructs you under the law that would not be proper, any
remarks of that character. And the court desires to state to
you it should have no influence on your minds whatever in reach-
ing a verdict in this case. In reaching a verdict in this case the
jury should only be governed by the principles of law given
you in charge by the court applied to the facts in evidence, and
I state to you emphatically, any"statement by the solicitor-general,
in his argument just now, as to any rumor of any kind or char-
acter of what the jurors would or would not do, would not be
proper. ·And I charge you especially not to let that influence
you in this case whatever in reaching a verdict in this case. With
this statement.I will overrule the motion. Mr. Solicitor, confine
yourself to the law and the facts in this case and the reasonable

deductions therefrom.' And thereupon the court overruled the motion for a mistrial." " 11. Because the court refused to grant a mistrial in the following circumstances: The solicitor-general, in his concluding argument to the jury, said (referring to the defendant) : 'This man was drunk, so drunk that he cursed in the presence of the dying woman on the ground.' Defendant's counsel moved the court to declare a mistrial in the case on account of said remarks of the solicitor-general. The court said to the jury: ' It would not be proper for the solicitor to discuss anything except the law, and the evidence delivered on the stand by the witnesses in this case. And I instruct you to be governed only by the law as given you in charge by the court, and the facts in evidence as delivered from the stand.' And thereupon the court overruled the motion for a mistrial."

It will be noted in ground 10 that the judge clearly and fully informed the jury that they should not consider the remarks of the solicitor-general, and in ground 11 it appears that he gave them similar instructions, but not so full and emphatic. The 10th ground of the motion shows that the argument of which complaint was made related to a " collateral matter not directly affecting the guilt or innocence of the accused," and under such circumstances this court has held that " though the argument might be improper, the error would seem to be immaterial." *Moore* v. *State,* 10 *Ga. App.* 805, 811, 812 (74 S. E. 315, 318). In *Brooks* v. *State,* 134 *Ga.* 784 (2) (68 S. E. 504), the solicitor-general, in his concluding argument, said: " There are murders all over the country going unpunished; you do not have to look to the papers for them; the report of them is ringing over the telephone wires; you can count on your fingers a number of murders all over the country going unpunished. . . There are too many juries in this country undertaking to constitute themselves a pardoning board." The Supreme Court held that this argument was not cause for a new trial. Ground 11 is not complete within itself. From all that appears therein the solicitor-general may have been correctly stating what was actually shown by the evidence. The evidence does show that the accused was drunk and that he cursed. What the prosecuting attorney was endeavoring to impress upon the minds of the jury was the extent of the intoxication of the accused, but when he stated that the

accused " cursed in the presence of the dying woman on the ground " he probably was in error; but, as was said by Judge Lumpkin in *McNabb* v. *Lockhart,* 18 *Ga.* 496, 507, " the facts were rather over-stated; not sufficiently so, however, to authorize a new trial on that ground." Section 4957 of the Civil Code (1910) is as follows: " Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the same, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." When objection to the argument of the solicitor-general was made and a mistrial asked for, the trial judge complied with this statute and gave to the jury " all needful and proper instructions," in an " endeavor to remove the improper impression from their minds," and the judge evidently thought his instructions sufficient for this purpose. This statute provides also that the judge may in his discretion order a mistrial. We cannot say, as a matter of law, that the judge abused his discretion in failing to declare a mistrial. The verdict in this case was demanded by the evidence, and we adopt the language of the Supreme Court in *Hunter* v. *State,* 133 *Ga.* 78, 79 (9-a) (65 S. E. 154): " Inasmuch as the court promptly corrected such erroneous practice [the improper remarks of the solicitor-general] and instructed the jury not to consider what had been said in any particular in making up their verdict, and as the evidence amply supported the finding of the jury, this court will not reverse the refusal to grant a new trial on that ground. *Georgia Midland & Gulf R. Co.* v. *Evans,* 87 *Ga.* 674 (13 S. E. 580); *Harrison* v. *Langston,* 100 *Ga.* 394 (28 S. E. 162)." See also *Cooper* v. *State,* 12 *Ga. App.* 561 (2) (77 S. E. 878). The facts in all the cases cited and relied upon by counsel for the plaintiff in error to support their contention in reference to the alleged error in these grounds of the motion are easily differentiated from the facts in this case.

6. In so far as the principles of law embodied in the request

to charge are legal and pertinent, they are covered by the charge as given.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*