### 12225. COMMERCIAL SECURITY COMPANY v. HOOKS PHARMACY.

The grounds of the motion for a new trial as to the admissibility of evidence are not in proper form for consideration.
The verdict was supported by evidence.
DECIDED OCTOBER 6, 1921.

Complaint; from city court of Americus — Judge Harper. January 25, 1921.

*Moore & Pomeroy, W. P. Coles, T. O. Marshall,* for plaintiff.
*W. W. Dykes,* for defendant.

BLOODWORTH, J. " A ground of a motion for new trial assigning error on the admission of evidence, over stated objections of movant, of a document which is neither set out literally or in substance in the motion nor attached thereto as an exhibit properly identified, but is merely referred to as set out in the brief of evidence, presents no question for decision. *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (79 S. E. 576)." *Perry* v. *Monroe,* 150 *Ga.* 26 (2) (102 S. E. 356). " Grounds of a motion for new trial which are incomplete, and cannot be understood without resorting to an examination of the brief of evidence, fail to present any question for decision. *Head* v. *State,* 144 *Ga.* 383 (87 S. E. 273) ; *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192) ; *Smiley* v. *Smiley,* 144 *Ga.* 546 (87 S. E. 668) ; *Daniel* v. *Schwarzweiss,* 144 *Ga.* 81 (86 S. E. 239)." *Atlantic Coast Line R. Co.* v. *Stovall-Pace Co.,* 24 *Ga. App.* 248 (3 b) (100 S. E. 657). " Where evidence is offered, some of which is admissible and some not, objection to the evidence as a whole is not well taken. That which is inadmissible should be pointed out, and objection made to it separately. *Ray* v. *Camp,* 110 *Ga.* 818 (36 S. E. 242) ; *Collins & R. Co.* v. *Ware,* 112 *Ga.* 663 (37 S. E. 975) ; *Branch* v. *Branch,* 139 *Ga.* 375 (77 S. E. 386)." *Fambrough* v. *DeVance,* 141 *Ga.* 794 (3) (82 S. E. 249). See also *Bacon* v. *Dannenberg Co.,* 24 *Ga. App.* 540 (7) (101 S. E.

699).  Applying these general rules to the amendment to the motion for a new trial in this case, it is evident that this court is not called upon to consider any of them, because: (*a*) The first of these grounds complains that certain testimony of W. G. Hooks in reference to certain notes and to the contract made by him with the Partin Manufacturing Company was admitted in evidence.  Hooks is not identified by this ground further than as a witness for the defendant; it is not shown what relation he bore to either of the parties to the case, what connection the Partin Manufacturing Company had with the parties, or how or in what manner the contract and notes referred to in this ground were related to the case.  (*b*) The second ground complains of the "admission of all the testimony and evidence of W. G. Hooks, witness for the defendant, as set out in said brief of evidence."  The sixth ground alleges error "because all of the evidence and testimony of J. E. Tanner, as shown by the brief of evidence filed herewith, was illegally admitted to the jury by the court over the objections of movant."  To determine what evidence was referred to in these grounds of the motion for a new trial would require reference to the brief of evidence.  (*c*) The third ground complains that certain letters which were attached to the brief of evidence were "illegally admitted to the jury."  Ground 4 alleges error "because the carbon copies of letters, copies of which are attached to said brief of evidence, were illegally admitted to the jury by the court over the objections of movant."  Ground 7 alleges that the court erred "because the contract between the Partin Manufacturing Co. and the defendant, dated Dec. 9, 1916, copy of which is attached to said brief of evidence, was illegally admitted to the jury by the court over the objections of movant."  Neither the contract nor any letter referred to in these grounds is "set out literally or in substance in the motion, or attached thereto as an exhibit properly identified," but they are "merely referred to as set out in the brief of evidence."  (*d*) The fifth ground of the motion alleges error in admitting certain evidence of J. E. Tanner relative to a Miss Whallen and a conversation between her and W. G. Hooks in reference to certain notes which she was attempting to collect for the Partin Manufacturing Company. It is not shown what notes were referred to or what connection, if

any, that company had with this case. To ascertain this would require reference to the brief of evidence.

There was evidence to support the verdict, the trial judge approved it, and this court will not interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*